# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
          Petitioner,

        v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
CB-1208-22-0016-U-5

DATE: January 23, 2023

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie R. Figueira, Esquire, Malvina Winston, Esquire, and Paul David Metcalf, Jr., Esquire, Washington, D.C., for the petitioner.

Corlie McCormick, Jr., Esquire, Crofton, Maryland, for the relator.

Ralph C. Conte, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the proposed removal issued by the Department of the Treasury (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2        On July 28, 2022, Member Limon granted OSC's request for a 45-day stay of the proposed removal of Ms. Spalding based on a charge of misconduct. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Stay Request File (U-1 SRF), Order on Stay Request (July 28, 2022) (U-1 Order on Stay Request).  The initial stay was granted to permit OSC to conduct an investigation into whether the agency's proposal to remove Ms. Spalding was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A).  *Id.*, ¶ 6.  OSC subsequently requested, and the Board granted, three extensions of the stay.[2]

---

[2] By order dated September 9, 2022, the Board extended the stay through November 9, 2022.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File (U-2 SRF), Order on Stay Extension Request (Sept. 9, 2022) (U-2 Order on Stay Extension Request).  By order dated November 9, 2022, the Board extended the stay through January 8, 2023.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Stay Request File (U-3 SRF), Order on Stay Extension Request (Nov. 9, 2022) (U-3 Order on Stay Extension Request).  By order dated December 27, 2022, the Board extended the stay through January 23, 2023.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-4, Stay Request File (U-4 SRF), Order on Stay Extension Request (Dec. 27, 2022).  Although the agency opposed the initial stay request and the first two requests for 60-day extensions, the agency did not oppose the next request for a 14-day extension to accommodate holidays and filing deadlines that fell on weekends. *Compare* U-1 SRF, Tab 6; U-2 SRF, Tab 3; U-3 SRF, Tab 2, *with* U-4 SRF Tab 1.

¶3    The current stay order issued on December 27, 2022, is in effect through January 23, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-4, Stay Request File, Order on Stay Extension Request, ¶ 5 (Dec. 27, 2022). On January 9, 2023, OSC filed a timely request to extend the stay through March 24, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-5, Stay Request File (U-5 SRF), Tab 1. The agency has filed a response in opposition to OSC's request. U-5 SRF, Tab 2.

## ANALYSIS

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B)(i); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5    In requesting another 60-day extension of the existing stay, OSC asserts that it continues to have reasonable grounds to believe that the agency's proposed removal is in violation of 5 U.S.C. § 2302(b)(1)(A) and other prohibited personnel practices.[3] Broadly speaking, the underlying circumstances involve

---

[3] To the extent that OSC has identified other prohibited personnel practices that the agency may have also violated with respect to Ms. Spalding, including 5 U.S.C. § 2302(b)(8) and 5 U.S.C. § 2302(b)(9)(C), the Board's previous orders explained that we granted OSC's stay based solely on its allegations pertaining to 5 U.S.C. § 2302(b)(1)(A). U-1 Order on Stay Request, ¶ 6 n.2; U-2 Order on Stay Extension Request, ¶ 7 n.2; U-3 Order on Stay Extension Request, ¶ 9 n.2. The Board has also explained that this stay is limited to Ms. Spalding's proposed removal, and it does not

Ms. Spalding sending anonymous complaints of racial discrimination and other wrongdoing to the agency; the agency conducting an investigation into the origins of the complaints that included subpoenaing Internet Protocol addresses and conducting fingerprint analysis; Ms. Spalding denying that she sent the complaints during an interview with the agency's Office of Inspector General; and the agency then citing that allegedly false denial to propose Ms. Spalding's removal for lack of candor. *E.g.*, U-1 SRF, Tab 1 at 6-12, 21, Tab 6 at 14-31; U-5 SRF, Tab 1 at 3-4.

¶6      Specific to its current request for another extension, OSC contends that it has diligently worked with the agency to obtain relevant documents and conduct interviews, but these efforts remain ongoing, due to various complexities and delays, many of which OSC attributes to the agency. For example, OSC describes requesting more information from the agency in October, November, and December 2022. U-5 SRF, Tab 1 at 6. For some of these information requests, the agency reportedly indicated that it would need until January 23, 2023, to respond, i.e., the day on which the stay is due to expire if not further extended. *Id.* at 6. For some other information requests, the agency has reportedly provided no responsive documents, because the agency has deemed OSC's requests too broad, and the parties have yet to reach any resolution. *Id.* at 6-7. Based on these and other surrounding circumstances, OSC argues that it has gone to great lengths to try and finish its investigation, *id.* at 10-11, but this case is inherently complex, *id.* at 11-13, there have been numerous delays that are not attributable to OSC, *id.* at 13-14, and further investigation is required, *id*. at 14-15.

¶7      The agency opposes OSC's request for an extension, once again arguing that any further extension would be unreasonable and inappropriate because of the nature of Ms. Spalding's alleged misconduct, the sensitive position she holds,

---

cover any other employees that may now be the subject of OSC's expanding investigation. U-2 Order on Stay Extension Request, ¶ 10 n.4.

and what the agency describes as the unlikelihood of OSC prevailing on the merits. U-5 SRF, Tab 2 at 2. The agency also argues that OSC has inappropriately expanded the scope of its investigation, which has already been ongoing for a lengthy period. *Id.* at 2-5. The agency asserts that the Board should deny OSC's request for another 60-day extension of the stay request, or at least limit the extension to one last extension of just 45 days. *Id.* at 5.

¶8　　　　Before we turn to our disposition about OSC's request for extension, we take this opportunity to correct the agency's apparent misconstruing of the Board's Stay Order as it relates to the scope of OSC's investigation. The agency has asserted that the Board instructed OSC to limit its investigation to the matter for which we granted OSC's stay request, i.e., a potential violation of 5 U.S.C. § 2302(b)(1) relating to Ms. Spalding's proposed removal. U-5 SRF, Tab 2 at 4-5, 8. But the agency is mistaken. U-1 Order on Stay Request, ¶ 6 n.2; *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File, Order on Stay Extension Request, ¶ 7 n.2 (Sept. 9, 2022) (U-2 Order on Stay Extension Request); *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Stay Request File, Order on Stay Extension Request, ¶ 9 n.2 (Nov. 9, 2022) (U-3 Order on Stay Extension Request). Although our stay and stay extensions are based solely on OSC's request to investigate that alleged prohibited personnel practice, the agency has not identified any basis to conclude that we have the authority to limit OSC's investigation to the same, and we are aware of none. *See* 5 U.S.C. § 1214(b)(1) (describing the Board's limited role regarding OSC's investigations of prohibited personnel practices and corresponding stay requests). In other words, we will not extend the stay that is in place to investigate whether the agency violated 5 U.S.C. § 2302(b)(1) when it proposed Ms. Spalding's removal so that OSC can instead investigate some other matter involving Ms. Spalding or other employees, but our stay does not prevent OSC from investigating other matters as it sees fit.

¶9        Though not briefed by the parties, our review of the relevant statutory scheme indicates that OSC is required to investigate other allegations of prohibited personnel practices. *E.g.*, 5 U.S.C. § 1212(a)(2), 1214(a)(1)(A); *see Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶ 10 (2008) (discussing some of OSC's powers and functions). To do so, the statutory scheme provides OSC with broad investigatory powers such as the power to issue subpoenas, order depositions, have access to agency records and other materials, request agency assistance, and require an agency to turn over records or other materials. 5 U.S.C. §§ 1212(b)(2)(A)-(B), (b)(5)(A)(i)-(iii); *see* 5 C.F.R. § 1810.2 (reiterating that OSC is "authorized to have timely access to all agency records [and other materials] that relate to an OSC investigation" and explaining that OSC "shall" report to Congress if an agency refuses to comply). Accordingly, we decline to consider the scope of OSC's investigation as a basis for declining to extend the stay.

¶10       We now turn back to OSC's request for an extension of the stay. As noted in the Board's previous order granting the initial stay in this case, the Board has found that OSC alleged in its July 25, 2022 stay request that it has reasonable grounds to believe that Ms. Spalding's proposed removal was the result of a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(1)(A). U-1 Order on Stay Request, ¶ 6. Viewing the record in the light most favorable to OSC, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation. *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997). The record supporting OSC's stay extension request does not appear to have changed materially since the initial stay was granted, and so we find it appropriate to extend the stay. *See Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993) (no change in the record is a factor in favor of extending the stay).

¶11       A separate determination must be made on the length of a requested stay, and the Board may extend the period of a stay for any period it considers

appropriate.  *Special Counsel ex rel. Meyers v. Department of Housing & Urban Development*, 111 M.S.P.R. 48, ¶ 17 (2009); *Waddell*, 105 M.S.P.R. 208, ¶ 5.  As we previously noted, the Board has recognized that it is the intent of Congress that stays not be extended for prolonged periods of time, and Congress has encouraged the Board to press OSC to present any corrective action case in a timely manner.  U-2 Order on Stay Extension Request, ¶ 10; U-3 Order on Stay Extension Request, ¶ 10; *see Special Counsel v. Department of the Treasury*, 71 M.S.P.R. 419, 421-22 (1996) (citing *Special Counsel v. Federal Emergency Management Agency*, 44 M.S.P.R. 544, 546-47 (1990)).

¶12    On the one hand, we appreciate OSC's explanations of its efforts to date and the reasons for which this matter remains unresolved, at least some of which are attributable to the agency.  *E.g.*, U-5 SRF, Tab 1 at 5-7, 10-14.  On the other hand, we are increasingly mindful of the length of time Ms. Spalding's proposed removal has been under investigation and unresolved.  The agency issued the proposed removal in March 2022, OSC began investigating that same month, and Member Limon first granted OSC's stay in July 2022, but OSC has yet to request corrective action or make any final determination about whether it will do so.  U-1 Order on Stay Request, ¶ 2; U-1 SRF, Tab 1 at 8; U-5 SRF, Tab 1 at 15, Tab 2 at 3.

¶13    Under the particular circumstances of this case, we find that an additional extension of 60 days is appropriate.  However, we encourage the agency to avoid any further delay of OSC's investigation and we caution OSC that time is of the essence.  *See, e.g.*, *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 505, ¶ 8 (2007) (discussing an already lengthy stay and granting one more extension but warning that the Board would not be inclined to grant another); *compare Special Counsel v. U.S. Fish & Wildlife Service, Department of the Interior*, 64 M.S.P.R. 413, 415-16 (1994) (denying OSC's fourth request for an extension, noting that OSC had the complaint for 10 months and extensions are not given on demand), *with Special Counsel ex rel. Perfetto v. Department of the*

*Navy*, [85 M.S.P.R. 454](#), ¶ 15 (2000) (granting an indefinite stay extension after OSC filed a petition for corrective action).

**ORDER**

¶14    Pursuant to [5 U.S.C. § 1214](#)(b)(1)(B), the requested extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on July 28, 2022, is extended through and including March 24, 2023, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to [5 U.S.C. § 1214](#)(b)(1)(B) and [5 C.F.R. § 1201.136](#)(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before March 9, 2023; and

(5)   Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before March 16, 2023.

FOR THE BOARD:                 /s/ for

                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.